UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA
     -v-

CLEVELAND GREEN
------------------------------------x

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CASE NUMBER: CR-03-1368(ARR)
STUART D. RUBIN, ESQ
26 COURT STREET, SUITE 2506
BROOKLYN, NEW YORK 11242
Defendant's Attorney & Address

THE DEFENDANT:

XXX   pleaded guilty to count one & two of the superseding indictment.

    Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 952, 963, 960(b)(1)(B) | CONSPIRACY TO IMPORT AT LEAST 5 KILOGRAMS OF COCAINE AND AT LEAST 50 KILOGRAMS OF MARIJUANA. | ONE (1) |
| 21 USC 846, 841 841(b)(1) & 841(b)(1)(C) | CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AT LEAST 5 KILOGRAMS OF COCAINE AND AT LEAST 50 KILOGRAMS OF MARIJUANA. | TWO (2) |

The defendant is sentenced as provided in pages 2 through     of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

____  The defendant has been found not guilty on count(s)      and is discharged as to such count(s).

XXX  Remaining counts are dismissed on the motion of the United States.

XXX  It is ordered that the defendant shall pay to the United States a special assessment of $200.00 which shall be due  XXX immediately  ___  as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #_

Defendant's Date of Birth 9/22/76

Defendant's Mailing Address:

100-47 223nd STREET

QUEENS, NEW YORK 11429

Defendant's Residence Address:

    ( SAME AS ABOVE )

APRIL 11, 2006
Date of Imposition of Sentence

ALLYNE R. ROSS, U.S.D.J.

APRIL 11, 2006
Date

A TRUE COPY ATTEST
Date:_____
ROBERT C. HEINEMANN
CLERK OF COURT

By:_____
DEPUTY CLERK

### IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of forty one(41)months. Both counts are to run concurrently.

<u>XXX</u>   The Court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFT PARTICIPATE IN THE 500 HOUR PROGRAM AND WHILE INCARCERATED HE ALSO ADHERE TO ANY SUBSTANCE ABUSE TREATMENT PROGRAM AND INSOFAR AS CONSISTENT WITH THE PROGRAM THAT HE BE HOUSED IN A FACILITY IN THE METROPOLITAN AREA.

____   The defendant is remanded to the custody of the United States Marshal.

____   The defendant shall surrender to the United States Marshal for this district,

      ____   at _____a.m./p.m. on _____.

      ____   as notified by the Marshal.

<u>XXX</u>   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

      <u>XXX</u>   before 12:00 noon on <u>5/23/06</u>       .

      ____   as notified by the United States Marshal.

      ____   as notified by the Probation Office.

### RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

                                  _____

                                  United States Marshal

                                By_____

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) DEFT SHALL NOT POSSESS ANY FIREARMS.
2) DEFT SHALL PARTICIPATE IN SUBSTANCE ABUSE TREATMENT WITH A TREATMENT PROVIDER SELECTED BY THE PROBATION DEPARTMENT. TREATMENT MAY INCLUDE OUTPATIENT OR RESIDENTIAL TREATMENT AS DETERMINED BY THE PROBATION DEPARTMENT. DEFT SHALL ABSTAIN FROM ALL ILLEGAL SUBSTANCES AND/OR ALCOHOL. DEFT SHALL CONTRIBUTE TO THE COST OF SERVICES RENDERED VIA CO-PAYMENT OR FULL PAYMENT IN AN AMOUNT TO BE DETERMINED BY THE PROBATION DEPARTMENT, BASED UPON THE DEFT'S ABILITY TO PAY AND/OR THE AVAILABILITY OF THIRD PARTY PAYMENT.

____ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

### FINE WITH SPECIAL ASSESSMENT

      The defendant shall pay to the United States the sum of $ _200.00_ , consisting of a fine of $ _N/A_ and a special assessment of $ _200.00_ .

\_\_\_\_  These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

      This sum shall be paid \_\_\_ immediately
                      \_\_\_ as follows:

**XXX**  The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

            \_\_\_  The interest requirement is waived.
            \_\_\_  The interest requirement is modified as follows:

1      THE COURT:  Mr. Green, is there anything you would

2 like to say?

3      THE DEFENDANT:  No.

4      THE COURT:  There is a role reduction so we know

5 that Mr. Green's base offense level given the role deduction

6 and given the safety valve is 30 and that he does have the

7 safety valve and he has three points off for acceptance of

8 responsibility.

9      I wasn't entirely clear but I am now clear that

10 counsel is urging that under the advisory guidelines Mr. Green

11 is entitled to four levels for minimal role rather than the

12 two levels that is advocated by the government.

13      I'm a little troubled so I'm going to -- I feel

14 comfortable saying that he is not entitled to any more than a

15 three level deduction.  I don't feel comfortable with a four

16 level deduction.  It is a novel argument that you just made.

17      MR. RUBIN:  I'm just repeating what I've been told

18 but with some degree of credibility as it's laid out.

19      THE COURT:  I'm going to give him the benefit of the

20 doubt but I don't think it merits a minimal role deduction.  I

21 think between a minor and minimal is the most I can give him.

22 Although Mr. Green is very peripherally involved in the

23 Universal scheme, his primary participation involved his role

24 in Lall's cocaine importation scheme in which cooperating

25 witness Mark Sandy played a role similar to that of Adams or

ALLAN R. SHERMAN, CSR, RPR  Official Court Reporter
United States District Court  Eastern District of New York

1   perhaps Weatherly in Brown's Universal scheme.

2        After Hall who had been recruited by Sandy on behalf

3   of Lall to retrieve drug-laden containers ceased participation

4   in the conspiracy, Sandy recruited defendant Cleveland Green

5   to play the role that Lall had previously performed, that is,

6   having received information from Lall regarding the flight

7   number, day and time of the flight, serial number of the

8   drug-laden container and gate to which it was to be delivered,

9   Sandy passed this information onto the defendant who located

10   and delivered the container containing the drugs.

11        Sandy testified that Green participated in the

12   shipments in this way on three occasions and was each time to

13   be compensated $10,000.  The third shipment was seized,

14   however, leading Green to express to Sandy his dismay that the

15   shipment was quote "heavy and light," meaning a large shipment

16   of cocaine and not marijuana as Lall had led everyone to

17   believe.

18        After some time passed, Lall and Sandy discussed

19   resuming the shipments.  The defendant expressed his agreement

20   to participate but only if he were paid at least $80,000 per

21   shipment, now knowing that the shipments were of cocaine and

22   were therefore far more risky.

23        There is no evidence that any further shipments were

24   sent but Green, Lall and Sandy had continuing negotiations

25   concerning how the narcotics would be stored and how much

1   Green would be paid.

2          I think defense counsel is correct that defendant's

3   participation in the Universal scheme involving Brown, Adams

4   and Weatherly is peripheral at best and could well be assessed

5   as minimal, if not less than minimal. At most, Green

6   functioned at a lookout to watch Weatherly's back on three

7   occasions and was paid between $500 and $1,500 for his

8   services. Indeed, Barnett testified that defendant and other

9   members of Weatherly's crew refused to assist Weatherly in the

10   September 20th, 2003 shipment. But because defendant's

11   primary involvement was in the Lall and Sandy scheme involving

12   offense conduct over a period of time, and because defendant's

13   role in that scheme was no less than between minor and

14   minimal, I believe that a three level adjustment would be

15   appropriate.

16          So in assessing an appropriate sentence in this

17   case, I have considered the guidelines which I have calculated

18   at a level 22, criminal history category one, carrying a range

19   of imprisonment of 41 to 51 months.

20          In considering the nature and circumstances of the

21   offenses, I have in the case of Mr. Green considered as an

22   exacerbating factor the fact that defendant made use of his

23   job position at JFK Airport in committing the crimes of which

24   he was convicted.

25          Although I have found that the government failed to

1 present evidence sufficient to find by a preponderance that

2 law enforcement authorities in fact reposed trust in the

3 airport employees, a finding essential to impose the abuse of

4 trust enhancement under the guidelines, there is ample

5 evidence in the record to establish that defendant took

6 advantage of his job in committing these offenses, a job that

7 though not established to be a repository of trust by law

8 enforcement, is nonetheless a highly sensitive one due to the

9 enhanced societal dangers posed by corruption at a major

10 international port or airport such as John F. Kennedy

11 International Airport.

12      On the whole, defendant's crimes were serious ones,

13 exacerbated somewhat by the fact that in committing them, he

14 took advantage of his sensitive position at a major airport

15 but mitigated somewhat by his role and the fact that his

16 offenses involved no weapons or violence of any kind.

17      Turning to the history and characteristics of the

18 defendant, Mr. Green is a 28 year old citizen with no prior

19 brushes with the law. Defendant's fiance and their two year

20 old daughter live with the fiance's mother and the defendant

21 has provided weekly finance assistance to them for food and

22 clothing.

23      Given all the facts and circumstances pertaining to

24 the defendant and his offenses, I believe that a sentence of

25 41 months imprisonment, which falls at the bottom of

1    defendant's advisory sentencing guideline, is sufficient but

2    not unduly severe to accomplish the goals of sentencing

3    enumerated in Section 3553(a).  The crimes defendant committed

4    are serious ones and a prison term of three and a half years

5    is a severe one thus serving the goal of just punishment.

6              Further in my estimation, the facts and

7    circumstances of this case point to a low risk of recidivism,

8    suggesting that the selected sentence amply serves the

9    statutory goals of specific deterrence and the goal of

10   protecting the public against future acts of the defendant.

11             Finally, I view the selected sentence, which is a

12   lengthy one, as sufficient to serve the goal of general

13   deterrence.

14             In this regard, I believe that it is of a sufficient

15   severity to serve as a deterrent to other airport employees

16   who might otherwise succumb to the temptation to corrupt their

17   sensitive positions for pecuniary or other gain.

18             On the two counts, I therefore sentence Mr. Green to

19   the custody of the Attorney General for a period of 41 months.

20   I also impose a forfeiture of $19,151?

21             MR. D'ALESSANDRO:  Actually, you are your Honor,

22   there was no plea agreement.  That money has been seized

23   administratively by the agency.

24             THE COURT:  Okay.

25             MR. D'ALESSANDRO:  It's been --

1    THE COURT:  It's been done administratively?

2    MR. D'ALESSANDRO:  Yes.

3    THE COURT:  That is fine.

4    I impose a five year period of supervised release

5    with special condition that Mr. Green participate in any

6    substance abuse treatment with a provider selected by the

7    probation department.  It may include outpatient or

8    residential treatment as determined by the probation

9    department and that you abstain from all illegal substances

10   and alcohol and contribute to the cost of services rendered by

11   co-payment or full payment in an amount to be determined by

12   the probation department based on his ability to pay and/or

13   the availability of third-party payment, and I prohibit

14   possession of a firearm.

15   I make a finding that he is unable to pay a fine but

16   I will impose the mandatory 200-dollar special assessment.

17   And I will make a recommendation to the Bureau of Prisons that

18   he receive substance abuse treatment in prison and be

19   admitted, if possible, to the five hundred hour.

20   Anything open?

21   MR. D'ALESSANDRO:  No, your Honor, he pled to the

22   initial indictment.  He just pled to the indictment, no plea

23   agreement with the government.

24   THE COURT:  Mr. Green, there are circumstances in

25   which a defendant may appeal the sentence.  You discuss that

1   with your lawyer.  If you choose to appeal, a notice of appeal

2   must be filed within 10 days and undoubtedly, Mr. Rubin would

3   continue to represent you on appeal.

4           MR. RUBIN:  Thank you, your Honor.

5           MR. D'ALESSANDRO:  Surrender date or remand

6   immediately?

7           THE COURT:  Surrender date.

8           MR. RUBIN:  Yes.

9           THE CLERK:  May 23rd at 12 noon.

10          MR. RUBIN:  And he just reports directly to the

11  marshals on that date?

12          THE CLERK:  Yes.

13          THE COURT:  Does he have a preference for

14  designation?

15          MR. RUBIN:  Your Honor, he has a large and very

16  tight knit family in New York so Fort Dix or --

17          THE COURT:  Then I'll recommend as close as possible

18  to the New York metropolitan area consistent with the five

19  hundred hour recommendation.

20          MR. RUBIN:  Thank you, your Honor.

21          (Matter concluded.)

22

23

24

25